UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

KYLE B. RICHARDS,

       Petitioner,                      Case No. 2:19-cv-34

v.                                                     Honorable Paul L. Maloney

DANIEL LESATZ,

       Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I. Factual allegations

Petitioner Kyle B. Richards is incarcerated with the Michigan Department of Corrections at the Baraga Correctional Facility (AMF) in Baraga, Michigan. Following a one-day jury trial in the Ionia County Circuit Court, Petitioner was convicted of assaulting a prison employee, Mich. Comp. Laws § 750.197c. On December 16, 2014, the court sentenced Petitioner to a prison term of 4 years, 2 months to 40 years, to be served consecutively to the sentences Petitioner was serving at the time of his crime.

On January 25, 2019, Petitioner timely filed his habeas corpus petition raising four grounds for relief, as follows:

I. [Petitioner] was denied his due process rights by the destruction of evidence in bad faith.

II. [Petitioner] was deprived of his constitutional right to self-representation by the trial court's summary denial of [Petitioner's] timely request to go pro se.

III. [Petitioner] is entitled to a remand due to the trial court's "unconstitutional" retroactive enforcement of the "Lockridge" sentencing system.

IV. [Petitioner's] due process rights were violated by the trial court and state prosecutor who failed to provide "timely" written notice of "habitual charges" in accordance with MCL 769.13(1).

(Pet., ECF No. 1, PageID.6-10, 19, 22, 25, 29.)

Between the brief Petitioner filed with the assistance of appointed counsel and his Standard 4 *pro per* brief, Petitioner raised each of his habeas issues on direct appeal to the Michigan Court of Appeals. The Michigan Court of Appeals rejected each of Petitioner's issues as raised; however, the court ordered a remand, of the same type contemplated by *United States v.*

*Crosby*, 397 F.3d 103, 117-118 (2d Cir. 2005) and *People v. Lockridge*, 870 N.W.2d 502 (2015), for the trial court to assess the reasonableness of Petitioner's sentence and determine whether resentencing was necessary. The Michigan Court of Appeals determined that such a remand was the appropriate remedy for a criminal defendant in Petitioner's position under the authority of *People v. Steanhouse*, 880 N.W.2d 297, 326-327 (Mich. Ct. App. 2015), *aff'd in part, rev'd in part* 902 N.W.2d 327 (Mich. 2017). *People v. Richards*, 891 N.W.2d 911, 923-925 (Mich. Ct. App., 2016).

Petitioner applied for leave to appeal to the Michigan Supreme Court, raising the same issues he had raised in the court of appeals and also challenging the remand remedy ordered by the court of appeals. At the time Petitioner filed his application, the court of appeals' decision in *Steanhouse* was pending on appeal in the Michigan Supreme Court. Because the relief ordered by the court of appeals in Petitioner's case depended upon the court of appeals' decision in *Steanhouse*, the Supreme Court held Petitioner's appeal in abeyance pending its decision in *Steanhouse*. *People v. Richards*, 889 N.W.2d 258 (Mich. 2017). On July 24, 2017, the Michigan Supreme Court issued its opinion in *People v. Steanhouse*, 902 N.W.2d 327 (Mich. 2017).

By order issued November 29, 2017, the Michigan Supreme Court, in lieu of granting leave to appeal, reversed the court of appeals' remand decision and remanded Petitioner's case to the court of appeals for a plenary determination of sentence proportionality. *People v. Richards*, 903 N.W.2d 555 (Mich. 2017). In all other respects, however, the supreme court denied leave to appeal. *Id*.

On remand, the court of appeals concluded that the trial court had abused its discretion by departing from the guidelines without adequate explanation. *People v. Richards*, No.

3

325192, 2018 WL 662241, at *4 (Mich. Ct. App. Feb. 1, 2018). Accordingly, the court of appeals vacated Petitioner's sentence and remanded the matter back to the trial court for resentencing. *Id.*

On May 1, 2018, the trial court resentenced Petitioner to a term of imprisonment of 3 years, 10 months to 40 years. *See* https://mdocweb.state.mi.us/otis2/otis2.aspx (search MDOC Number 641715) (last viewed March 15, 2019). Petitioner has directly appealed that judgment to the Michigan Court of Appeals; briefing is complete, but the court has not yet issued an opinion. *See* https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx (search Court of Appeals Docket Number 344161) (last viewed March 15, 2019). Therefore, to date, Petitioner's judgment is not yet final.

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822

4

F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970). Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

With respect to habeas issue III, regarding the sentencing procedure, any challenge Petitioner raises to his May 1, 2018 sentence is most certainly unexhausted. Neither the Michigan Court of Appeals nor the Michigan Supreme Court have had a fair opportunity to apply controlling legal principles to the facts with regard to that federal constitutional claim.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise Issue III in the state courts. He may continue to pursue the appeal already pending in the Michigan Court of Appeals. If the court of appeals affirms the trial court, Petitioner must appeal that decision to the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Although Petitioner has raised Habeas Issues I, II, and IV to all levels of the Michigan court system, he has not satisfied the purpose of the exhaustion requirement with respect to those issues. One purpose of the AEDPA was "to further the principles of comity, finality, and federalism." *Williams v. Taylor*, 529 U.S. 420, 436 (2000).[1] To further those principles in the

---

[1] The Supreme Court has concluded that those principles drive the statutory or common law habeas doctrines regarding abuse of the writ, second or successive petitions, procedural default, limited evidentiary hearings, the period of limitation, tolling, exhaustion, and the standard for evaluating the merits of a habeas application. *See, e.g., McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (procedural default and abuse of the writ); *Coleman v. Thompson*, 501 U.S. 722, 726 (1991) (procedural default); *Williams v. Taylor*, 529 U.S. 420, 436-37 (2000) (limited evidentiary hearings);

context of applying the exhaustion doctrine, a habeas petition should be denied on exhaustion grounds when a proceeding challenging the judgment of conviction is still pending in the state courts. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) ("When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts."), *cited in Hudson v. Jago*, No. 84-3781, 1985 WL 13424, at *1 (6th Cir. June 14, 1985). The rationale behind this rule is that the appeal may result in the reversal of the petitioner's conviction, thereby mooting any federal question. *Sherwood*, 716 F.2d at 634. Thus, even though Petitioner raised issues I, II, and IV in the Michigan Court of Appeals and the Michigan Supreme Court, until final judgment is entered, arguably, those issues remain unexhausted in the state courts. If so, the petition is properly dismissed as unexhausted in its entirety.

Moreover, even if Issues I, II, and IV are considered to be exhausted, the petition is still properly dismissed. In that circumstance, because Petitioner has some claims that are exhausted and one that is not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is

---

*O'Sullivan*, 526 U.S. at 843-845 (exhaustion); *Woodford v. Garceau*, 538 U.S. 202, 205-206 (2003) (standard of review); *Wall v. Kholi*, 562 U.S. 545, 558 (2011) (tolling); *Cullen v. Pinholster*, 563 U.S. 170, 181-186 (2011) (standard of review and evidentiary hearing); *Magwood v. Peterson*, 561 U.S. 320, 347-348 (2010) (second or successive petitions); *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009) (period of limitation).

particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In Petitioner's case, the judgment of conviction has yet to become final by the conclusion of direct review. Therefore, the limitations period has not even commenced running.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to pursue his remedies in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*). Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court upon exhausting those remedies, he is not in danger

of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court will deny Petitioner a certificate of appealability.

The Court will enter an order and judgment consistent with this opinion.

Dated: March 22, 2019                    /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        United States District Judge